817 F.2d 1548
 Harvey K. McARTHUR, Patrick O'Reilly, Miami Socialist
Workers' 1985 Campaign, J. Doe, individually and on behalf
of all others similarly situated, R. Roe, individually and
on behalf of all others similarly situated, S. Soe,
individually and on behalf of all others similarly situated,
Plaintiffs-Appellants,
v.
George FIRESTONE, individually and as Secretary of State,
State of Florida, Dorothy W. Glisson, individually and as
Deputy Secretary of Elections, Alison Kennedy, Sylvia
Boothby, Carol B. Chira, Eugene A. Crist, Dr. Robert
Huckshorn, Dr. Anne E. Kelly and Isaac Withers, individually
and as members of Florida Elections Commission, and Matty
Hirai, individually and as City Clerk of City of Miami,
Defendants-Appellees.
 No. 86-5045.
 United States Court of Appeals,
Eleventh Circuit.
 June 2, 1987.
 
 Stephen T. Maher, University of Miami, School of Law, Coral Gables, Fla., for plaintiffs-appellants.
 George L. Waas, Dept. of State, Div. of Elections, Tallahassee, Fla., for defendants-appellees, inclusive except Matty Hirai.
 John J. Copelan, Jr., Deputy City Atty., City of Miami Law Dept., Miami, Fla., for defendant-appellee, Matty Hirai.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT and HILL, Circuit Judges, and LYNNE*, Senior District Judge.
 TJOFLAT, Circuit Judge:
 
 
 1
 The plaintiffs in this case, a minor political party's candidate, supporters, and others, seek to enjoin enforcement of Florida's election campaign disclosure law as applied to them in Miami's nonpartisan mayoral race on the ground that it violates their first amendment rights. The district court denied the plaintiffs' motion for a temporary restraining order and subsequently dismissed the entire complaint as moot. The plaintiffs appeal from this order of dismissal. We vacate the order and remand the case for further proceedings.
 
 I.
 
 2
 Plaintiff Harvey K. McArthur was a candidate in Miami's 1985 nonpartisan mayoral election. In conducting his campaign, McArthur openly associated himself with the Socialist Workers' Party (SWP), a minor political party with avowedly radical views on economic and political issues. Plaintiff Patrick O'Reilly was the treasurer of McArthur's campaign organization, designated the Miami Socialist Workers' 1985 Campaign, which is also a plaintiff in this case. Plaintiff J. Doe contributed to McArthur's campaign and alleges that disclosure of his name and address pursuant to Florida's campaign financing law would subject him to threats, violence, and retaliation, placing a chilling effect on his freedom of speech. Plaintiff R. Roe did not contribute to McArthur's campaign, allegedly because he feared that disclosure of his contribution would subject him to threats, violence, and retaliation. Finally, plaintiff S. Soe alleges that he received an expenditure disbursement from McArthur's campaign coffers, and that he fears imminent threats, violence, and retaliation if the McArthur campaign complies with Florida's campaign disclosure law.[1] On September 13, 1985, the plaintiffs brought this suit against the following defendants, individually and in their official capacities: George Firestone, Florida's Secretary of State; Dorothy W. Glisson, Florida's Deputy Secretary for Elections of the Department of State and Director of the Division of Elections; Matty Hirai, City Clerk of the City of Miami; and the seven members of the Florida Elections Commission.
 
 
 3
 In their complaint, the plaintiffs allege that persons associated with the SWP "have been subjected to sweeping and systematic government harassment and surveillance for a period of nearly thirty years, [and] have also been subjected to widespread nongovernmental threats, harassment, acts of violence, discrimination and deprivation of employment." Further, they allege that "SWP campaign offices around the country have been stoned, shot at, burglarized, set on fire and bombed." Relying primarily on Brown v. Socialist Workers '74 Campaign Comm., 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982), the plaintiffs claim that several provisions of the Florida campaign financing law, as applied to their campaign, violate the first amendment of the federal Constitution. Principally, they challenge Florida's requirement that each campaign treasurer must file periodic reports containing the following information:
 
 
 4
 1. The full name, address, and occupation, if any, of each person who has made one or more contributions to or for such committee or candidate within the reporting period, together with the amount and date of such contributions. However, if the contribution is $100 or less or is from a relative, as defined in [section] 116.111(1)(c), provided the relationship is reported, the occupation of the contributor need not be listed, and only the name and address are necessary.
 
 
 5
 ....
 
 
 6
 7. The full name and address of each person to whom expenditures have been made by or on behalf of the committee or candidate within the reporting period; the amount, date, and purpose of each such expenditure; and the name and address of, and office sought by, each candidate on whose behalf such expenditure was made. However, expenditures made from the petty cash fund provided by [section] 106.12 need not be reported individually.
 
 
 7
 8. The full name and address of each person to whom an expenditure for personal services, salary, or reimbursed expenses has been made and which is not otherwise reported, including the amount, date, and purpose of such expenditure. However, expenditures made from the petty cash fund provided for in [section] 106.12 need not be reported individually.
 
 
 8
 Fla.Stat. Sec. 106.07(4)(a) (1985).
 
 
 9
 The plaintiffs contend that these provisions violate their first amendment rights because (1) public disclosure of the names and addresses of SWP contributors and recipients of SWP disbursements would subject these persons to threats, violence, and retaliation, (2) the threat of disclosure deters other persons from contributing to the SWP campaign, and (3) the disclosure requirements unduly hamper the SWP's fundraising efforts in violation of Brown and the first amendment. In their complaint, the plaintiffs sought declaratory relief and an order enjoining the State from enforcing the Florida campaign financing statute against McArthur's 1985 campaign for mayor of Miami. Before the mayoral election, which took place on November 5, 1985, the plaintiffs moved the district court to issue a temporary restraining order enjoining the enforcement of the financing statute. The court, however, denied the motion on the ground that the plaintiffs had not demonstrated a likelihood of success on the merits. After the election took place, the district court, on its own initiative, dismissed the entire complaint as moot. The plaintiffs moved the court to reconsider its dismissal order, but the court denied that motion without awaiting the defendants' response. The plaintiffs then brought this appeal.
 
 II.
 
 10
 The principal question this court must resolve on appeal is whether the district court erred in dismissing the plaintiffs' complaint as moot. According to the district court, "this case is now moot in that the election in question has been held." We disagree.
 
 
 11
 A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). The federal courts lack power, under article III of the Constitution, to decide moot cases. See DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705-06, 40 L.Ed.2d 164 (1974). The Supreme Court has established two criteria to determine if a case is moot: (1) there is no reasonable likelihood of a recurrence of the alleged violation and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Davis, 440 U.S. at 631, 99 S.Ct. at 1383 (citations omitted).
 
 
 12
 In this case, proceedings against McArthur are currently pending before the Florida Elections Commission (FEC) to enforce the Florida campaign financing law.[2] This law provides for civil and criminal penalties if McArthur or his campaign officials knowingly and willfully fail to comply with the reporting requirements. See Fla.Stat. Sec. 106.19(1)(b)-(c) (1985);[3] id. Sec. 106.265 (amended 1986);[4] see also id. Secs. 775.082 & 775.083. Thus, despite the fact that the mayoral race in question has already taken place, McArthur's claim is not moot. With regard to the other plaintiffs, we vacate the district court's dismissal order and remand their claims to permit the court to make a more detailed inquiry into whether they have a continuing interest in this case.III.
 
 
 13
 The defendants ask that we affirm the district court's dismissal order on various other grounds, including the following: (1) the district court should abstain from hearing the case because proceedings involving McArthur are currently pending before the FEC; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the class action plaintiffs failed to meet the prerequisites of Fed.R.Civ.P. 23(a). Because of its dismissal on mootness grounds, the district court did not have an opportunity to address any of these questions. In light of our conclusion that McArthur's claim is not moot, we believe the district court should resolve these questions on remand.
 
 
 14
 Finally, we feel compelled to address an argument raised by all defendants except Hirai: that the district court's denial of the plaintiffs' request for a temporary restraining order constitutes a decision on the underlying merits of their claim, and that this court should affirm the judgment of the district court on that ground. The Supreme Court rejected this type of argument in University of Texas v. Camenisch, 451 U.S. 390, 394-95, 101 S.Ct. 1830, 1833-34, 68 L.Ed.2d 175 (1981) (citations omitted), holding that a decision concerning a preliminary injunction is not tantamount to a decision on the underlying merits of the case and that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." Thus, the district court's denial of the plaintiffs' motion for a temporary restraining order cannot be viewed as a ruling on the merits of the plaintiffs' claim.
 
 
 15
 VACATED and REMANDED.
 
 
 
 *
 Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 Each suing under a pseudonym, plaintiffs Doe, Roe, and Soe brought suit individually and on behalf of all others similarly situated. See generally Fed.R.Civ.P. 23. The remaining plaintiffs brought suit solely in their individual capacities
 
 
 [2]
 On October 28, 1985, Hirai, the Miami city clerk, filed a complaint against McArthur before the FEC. We note that the plaintiffs' suit was filed before the FEC enforcement proceedings began. Consequently, there is some question whether the suit was "ripe" for consideration at the time it was filed. See generally O'Shea v. Littleton, 414 U.S. 488, 496-98, 94 S.Ct. 669, 676-77, 38 L.Ed.2d 674 (1974) (to have standing, plaintiff must allege that there is a likelihood that the challenged statute will be enforced against them). We believe, however, that the plaintiffs' complaint adequately alleges that enforcement of the Florida campaign financing law against them was imminent. Once the FEC enforcement proceeding actually began, the district court should have treated the complaint as amended to allege that enforcement was on-going
 
 
 [3]
 Fla.Stat. Sec. 106.19(1)(b)-(c) (1985) states as follows:
 Any candidate; campaign manager, campaign treasurer, or deputy treasurer of any candidate; committee chairman, vice chairman, campaign treasurer, deputy treasurer, or other officer of any political committee; agent or person acting on behalf of any candidate or political committee; or other person who knowingly and willfully ... (b) [f]ails to report any contribution required to be reported by this chapter; [or] (c) [f]alsely reports or deliberately fails to include any information required by this chapter ... is guilty of a misdemeanor of the first degree, punishable as provided in [section] 775.082 or [section] 775.083.
 
 
 [4]
 Section 106.265 states in relevant part as follows:
 (1) The [FEC] is authorized upon finding of violation of this chapter to impose civil penalties in the form of fines not to exceed $1,000 per count. In determining the amount of such civil penalties, the [FEC] shall consider, among other mitigating and aggravating circumstances:
 (a) The gravity of the act or omission;
 (b) Any previous history of similar acts or omissions;
 (c) The appropriateness of such penalty to the financial resources of the person, political committee, or committee of continuous existence; and
 (d) Whether the person, political committee, or committee of continuous existence has shown good faith in attempting to comply with the provisions of this chapter.
 (2) If any person, political committee, or committee of continuous existence fails or refuses to pay to the [FEC] any civil penalties assessed pursuant to the provisions of this section, the [FEC] may bring an action in any circuit court of this state to enforce such penalty.